(38 Misc. Rep. 365.)

## PEOPLE v. McDERMOTT–BUNGER DAIRY CO.

. (Supreme Court, Appellate Term.   June, 1902.)   ·

1. ADULTERATED MILK—EXPOSURE FOR SALE—PENALTY.

In an action to recover a penalty under Laws 1893, c. 338, forbidding the sale or exposure for sale of impure or adulterated milk, evidence is insufficient to show a violation where the state inspectors testify that, when they stopped the driver of the truck carrying the milk, he stated · that he was then on his way to deliver it to certain places in New York, and there was no proof that it was ever delivered there or anywhere.

2. SAME.

In an action to recover a penalty for selling or exposing for sale impure milk, evidence of defendant that he tested the milk before sending it out to customers is insufficient to sustain judgment for plaintiff.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by the people against the McDermott-Bunger Dairy Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

James E. Smith, for appellant.
Benjamin Oppenheimer, for respondent.

FREEDMAN, P. J.   This action was brought against the defendant to recover a double penalty of $200 for the alleged second violation of the agricultural law (Laws 1901, c. 656, § 37), which provides that any person violating any of the provisions of the agricultural law shall forfeit to the people of the state of New York the sum of not less than $50 nor more than $100 for the first violation, or more than $200 for the second and each subsequent violation, etc.   The defense charged against the defendant was the violation of that portion of the agricultural law (Laws 1901, c. 656) which reads as follows:  "No person shall sell or exchange, or expose for sale or exchange any unclean, impure, unhealthy, adulterated or unwholesome milk."   The proof introduced by the plaintiff was directed solely toward showing a sale or exposure for sale by the defendant of milk not within the standard required by law, and upon such proof a judgment was rendered in favor of the plaintiff.

The crucial question in the case is, was there a sale or an exposure for sale, within the contemplation of the statute?   The statute is a penal one, and must be strictly construed.   The testimony of the two inspectors in the employ of the state was that they stopped the defendant's driver, who was in charge of a truck containing about 57 cans of milk, from several of which they took samples;   that the driver stated to them that he was then on his way to deliver milk to Twenty-Ninth and Thirty-Second streets and Ninth avenue.   This was all the proof on the part of the plaintiff tending to show a sale or exposure for sale.   Subsequently the driver testified, on cross-ex-

amination, that the defendant had customers at the two places, to whom he said he sold milk "after I have it examined at the depot,"— meaning the depot of the defendant; and he also testified that he was to deliver the milk in question "after he left such depot." It was shown by the defendant that the milk was tested at his depot before it went out to customers. The testing falls short of proving a sale or exposure for sale.

Assuming the plaintiff's testimony to be true, that the driver stated he was on his way to deliver milk at Twenty-Ninth and Thirty-Second streets and Ninth avenue, no delivery there was shown. Non constat, after the samples were taken from the cans, the driver then fearing that the milk was not up to the required standard, might have returned it to the defendant's depot, from which it was never afterwards taken. In fact there is uncontradicted testimony in the case from which it might be said that that is what was done.

The case comes well under the decision of the cases of People v. Wright, 19 Misc. Rep. 135, 43 N. Y. Supp. 290; People v. Kellina, 23 Misc. Rep. 137, 50 N. Y. Supp. 653. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.